GUSTAVO QUIÑONES RIEDER, Intervener and Appellant, *v.* ANGEL CUADRA MARTÍNEZ ET AL., Defendants and Appellees.

No. 5315.   Argued March 6, 1931.—Decided March 12, 1931.

*Angel M. Villamil* for appellant.   *González Fagundo & González, Jr.,* for appellee Cuadra.

MR. JUSTICE ALDREY delivered the opinion of the Court.

In an action of debt brought by Angel Cuadra Martínez against José J. González, an attachment was levied on several cows in the possession of the defendant which Gustavo Quiñones Rieder claimed as belonging to him when the marshal levied the attachment. The claimant thereafter filed a complaint in intervention, seeking to have the cattle declared to be his property and released from the attachment. After a trial in the action of intervention, judgment was rendered declaring that one of the cows, which had been attached and branded with the letters G. Q., belonged to the intervener, but that the latter had failed to prove the identity of the other cows claimed.

From that judgment the present appeal has been taken by the intervener, who urges as the only ground of reversal that the lower court committed gross error in weighing the evidence. The attachment was levied on November 26, 1927, and the six cows which had been attached were described by their colors by the marshal, who also stated that one of them was branded with the letters G. Q.

The intervener, in order to show his title to the cows attached, produced at the trial a public deed executed three

years before, or on July 23, 1924, whereby he had bought 29 cows and 10 heifers from José J. González Nieves, and 23 cows and 12 heifers from Ramón González Nieves, totalling 52 cows and 22 heifers. All the above animals were branded with letters, except three cows and three heifers; but the description of the latter animals does not tally with that of the attached cows. At the trial the intervener testified that, as shown by the deed, he bought several cows from the said vendors, 23 from one of them and 10 from the others, whereas it appears from that instrument that the numbers were 29 and 10. He also testified that the cows attached belong to him and that he had bought them when they were heifers but that when grown up some of them had changed their color; that he had bought those cows branded with the letters shown on the deed, that he branded them with his initials and that he called the attention of the marshal to his new brand put on the attached cows. When testifying at the trial, the marshal was not examined in regard to this particular nor as to whether all the cows attached by him were branded. The evidence of the plaintiff tended to show that the deed of sale of the cattle was executed at the time the obligation sued on had matured and that the purchaser and the vendors are brothers-in-law.

To our mind the court did not err as claimed, because a very strong proof in this kind of claims is the brand of the cattle, since the color may change, as admitted by the intervener, or be erroneously judged. As the cows and heifers were branded and according to the deed they were bought by the intervener, who testified that he had branded them anew, it is a very significant fact that only one of the cows attached was branded with the initials G. Q. and that the others bore no brand, according to the description given by the marshal, who in the same way that he had stated that one of the cows was branded would have made the same statement in regard to the others. If this was due to an oversight on the part

of the said official, as claimed by the appellant, the latter should have made it clear at the trial but he did not. We agree with the lower court that the intervener failed to identify the cows which he claims as his, except the one recognized as belonging to him by the judgment, which must be affirmed.